Case 5.

ORD. PET.

## Bebee and Wife *vs.* Hutchison.

APPEAL FROM HARRISON CIRCUIT.

Since the passage of the act of the 10th March, 1854, (*Session Acts*, 1853-4, *page* 167,) "the owner of land may maintain the appropriate action to recover damages for any trespass or injury committed thereon, notwithstanding such owner may not have the actual possession of the land at the time of the commission of the trespass." Legal seizin is all that is necessary now to maintain an action for trespass on lands.

[The facts of the case are given in the opinion of the court.—REP.]

*J. Curry* for appellants—

The only question arising in this case is whether the appellants had such a legal possession of the land as authorized them to sue for the trespass. In some of the states it has been decided that constructive possession is sufficient to maintain the action of trespass. (*Dobbs vs. Galligo*, 4 *Dev. & Bat.*, 68.) The court said, "the action of trespass *quare clausum fregit*, being a remedy for an injury to the possession, cannot be maintained by him who had not possession; but where there is no actual possession in another the law adjudges him in possession who has the property; and this constructive possession is fully sufficient to maintain the action." Again, in 2 *Gillman*, 652, the same doctrine is asserted. Also, in *Mason vs. Lewis*, 1 *Green*, 494; *Romb vs. Heath*, 8 *Blackford*, 575; 10 *U. S. Dig.*, 408, *in note.*

In this state it is not questioned but one may have the actual possession of inclosed wood-land. (*Hunt*

*vs. Taylor*, 7 *Wash.*, 566; *Woods vs. Campbell*, 15 *N. H.*, 208; *Cox vs. Davis*, 17 *Ala.*, 714.)

In this case the appellee did not put the title in issue, or pretend that they were in possession, but only denied that plaintiffs were in possession. The plaintiffs showed their title, and they were constructively in possession, and should have recovered.

*W. W. Trimble* for appellee—

The only question in this cause is whether the plaintiffs, Bebee and wife, can maintain this action, it being admitted that they were not in possession of the land in their petition mentioned, at the time the alledged trespass was committed. That they cannot has been decided by this court in numerous cases, but from the multitude of authority on this point we deem it necessary to refer only to what has been held in two quite recent causes. (*Lexington and Ohio Railroad Company vs. Kidd*, 7 *Dana*, 247; *Neely and others vs. Butler, &c.*, 10 *B. Monroe*, 56.)

But it is further contended, that Mrs. Bebee being one of the heirs of Judge Samuel McMillin, deceased, the original patentee of the land in dispute, the plaintiffs had a constructive possession, which entitled them to maintain their action of trespass. The last mentioned case—*Neely and others vs. Butler, &c.*—we think effectually overthrows this position also. It is there said that "actual possession is necessary to maintain trespass. A patent from the commonwealth does not invest the patentee with actual seizin, but only seizin in law."

Wherefore, an affirmance of the judgment of the circuit court is respectfully asked.

Judge SIMPSON delivered the opinion of the court:          December 8.

The appellants brought two actions, one against John Hutchinson, and the other against Joseph Hays, for entering upon their land, and cutting down and carrying away a large number of valuable timber trees. By the agreement of the parties both actions

BEBEE AND WIFE
*vs.*
HUTCHINSON.

were tried at the same time; a jury was dispensed with, and the law and facts were submitted to the court.

Proof was introduced on the trial, tending to establish the commission, by the defendants, of the trespass complained of, but the court being of opinion that the plaintiffs were not in the *actual possession* of the land at the time of the trespass thereon, rendered a judgment for the defendants, in bar of the plaintiffs' action.

We do not deem it necessary to decide whether or not the proof was sufficient to show that the plaintiffs were in the *actual possession* of the land at the time the trespass thereon was committed by the defendants; for if actual possession had been necessary to authorize a recovery for entering upon the land and cutting down the trees, and the plaintiffs were not in the actual possession of the land, still they had a right to maintain their actions against the defendants for carrying away the timber after it was cut down. When it was cut down it became personal property, and was by legal construction in the possession of the owners, and they could maintain an action for its subsequent removal.

But an actual possession of the land by the plaintiffs, at the time of the commission of the trespass, was not necessary to enable them to maintain their actions to recover damages for the wrongful entry thereon by the defendants.

By an act to amend the Revised Statutes, title, "Inclosures and certain trespasses," by adding an additional article, to be numbered article 3, approved March 10th, 1854, (*Session Acts* 1853–4, *volume* 1, *page* 167,) it was enacted "that the owner of any land in this state may maintain the appropriate action to recover damages for any trespass or injury committed thereon, notwithstanding such owner may not have the actual possession of the land at the time of the commission of the trespass."

Since the passage of the act of the 10th of March, 1854, (*Ses. Acts*, 1853-4, page 167,) "the owner of land may maintain the appropriate action to recover damages for any trespass or injury committed

This act changed the previous law on the subject of trespasses on real property, and as the actions were brought since the passage of the act, and the testimony adduced on the trial proved that the plaintiffs were the owners of the land, and if not actually, at least legally seized thereof, at the time of the commission of the trespasses, the court erred in deciding that they could not maintain their actions.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings in conformity with this opinion.

thereon, notwithstanding such owner may not have the actual possession of the land at the time of the commission of the trespass." Legal seizin is all that is necessary now to maintain an action for trespass on lands.